THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINTEN K. ROBINSON,      § | | |
|     Plaintiff,      § | | |
| § | | |
| v.      § | 3:14-CV-0738-P-BK | |
| § | | |
| FINANCIAL ACQUISITION AGENCY,      § | | |
|     Defendant.      § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On February 25, 2014, Plaintiff filed a *pro se* complaint against Defendant Financial Acquisition Agency. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On the Civil Cover Sheet, Plaintiff cites as authority for her complaint the "Racketeer Influenced and Corrupt Organizations" Act (RICO). [Doc. 3 at 2]. Plaintiff asserts Defendant has terrorized and mentally distressed her as a result of sweepstakes mailing that contain her name and request money. [Doc. 3 at 1]. She states that Defendant pose "as some legal enterprize [sic] or company as if [she] entered [her] name into this sweepstakes scam." [Doc. 3 at 1]. Plaintiff notes that she is "not part of any organized crime group nor [does she] talk to any organized crime group." [Doc. 3 at 1]. She states that she "filed a federal complaint with the FTC Department and with the post office," and that she will change her name because of the sweepstakes mailing. [Doc. 3 at 1].

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's claims are legally and factually frivolous.

Insofar as Plaintiff seeks to raise a RICO claim, her allegations lack any arguable basis in law. She fails to allege a "pattern of racketeering activity" or even the presence of a RICO enterprise. *See Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (civil claims under 18 U.S.C. § 1962 must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise"); *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (a pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity). In addition, the assertion that Defendant terrorizes

Plaintiff through sweepstakes mailing describes fantastic or delusional scenarios that are clearly irrational and incredible.  See *Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *accepting recommendation*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).  Therefore, the complaint should be dismissed with prejudice as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  See 28 U.S.C. § 1915(e)(2)(B).

SIGNED March 3, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE